Thomas F. JENKINS, Appellant,

v.

STEAKLEY BROTHERS CHEVROLET CO., Appellee.

No. 10–85–259–CV.

Court of Appeals of Texas, Waco.

May 29, 1986.

Leon J. Barish, Barish & Van Helden, Austin, for appellant.

LaNelle L. McNamara, McNamara & McNamara, Waco, for appellee.

## OPINION

JAMES, Justice.

In this case Plaintiff-Appellant Thomas F. Jenkins brought this suit against Defendant-Appellee Steakley Brothers Chevrolet Co. for breach of contract and also under the Texas Deceptive Trade Practices Act (Texas Business and Commerce Code, Section 17.41 et seq.), concerning the purchase by Jenkins of a new car from Steakley. Trial was before the court without a jury after which judgment was entered that Plaintiff Jenkins take nothing, from which Jenkins appeals. We affirm.

The trial court's judgment contains the following findings of fact and conclusions of law:

### FINDINGS OF FACT

"1. By written quotation, on July 20, 1983, Defendant issued to Plaintiff an offer to sell Plaintiff a 1984 Suburban automobile on the terms and conditions set forth in the written quotation;

"2. The written offer issued to Plaintiff on July 20, 1983, was subject to increases in price without notice;

"3. The written offer issued to Plaintiff on July 20, 1983, was contingent on Plaintiff's trade-in of a 1982 Suburban;

"4. Plaintiff did not accept Defendant's offer of July 20, 1983;

"5. On October 13, 1984 (should be 1983), Plaintiff and Defendant entered into a written contract of sale; and

"6. The contract of sale executed by Plaintiff and Defendant on October 13, 1983, constituted an accord and satisfaction of all disputed claims of Plaintiff arising from Defendant's offer of July 20, 1983."

### CONCLUSIONS OF LAW

"1. Defendant did not breach any contract with Plaintiff;

"2. Defendant did not commit a false, misleading, or deceptive trade practice; and

"3. Any claim alleged by Plaintiff, either on the basis of breach of contract or violation of the Texas Deceptive Trade Practices Act, is barred by Defendant's affirmative defense of accord and satisfaction."

As a winner in a bass fishing tournament in June of 1983, Jenkins became entitled to a 1983 Chevrolet S–10 Blazer automobile provided by Steakley. Jenkins contacted Steakley asking whether the value of the S–10 Blazer could be applied toward the purchase of another automobile. At that time, Jenkins dealt with one Sam Wheat, a fleet salesman employed by Steakley. Wheat issued to Jenkins a written quotation for the purchase of a 1984 Suburban at a price of $15,330.79. The terms of the price quotation included a $13,000.00 credit for the S–10 Blazer that had been won by Jenkins, plus an additional credit of $8,000.00 for the trade-in by Jenkins of his 1982 Suburban. The price quotation further included a statement that "This quotation is subject to Federal, factory, and freight change without notice."

In October 1983, Steakley contacted Jenkins to advise him that the 1984 Suburban that he (Jenkins) had ordered was available for delivery. When Jenkins arrived at the Steakley place of business, he advised Steakley that he was not trading in his 1982 Suburban, since he (Jenkins) had sold this 1982 Suburban shortly after he ordered the 1984 Suburban. Thereafter, Steakley prepared a bill of sale reflecting a sales price of $18,002.98 with a credit of $13,000.00 for the value of the S–10 Blazer. At first Jenkins strongly protested the sales price to Mike Knight, the Fleet Manager of Steakley, and to Robert W. Steakley III, the President of Steakley.

Mr. Steakley explained to Mr. Jenkins that he would have to pay the list price for the 1984 Suburban, since he was not trading in his 1982 Suburban, and further offered to Jenkins an alternative of taking delivery of the S–10 Blazer, which was the original vehicle won by him. Thereafter, Jenkins paid the balance due to Steakley after deducting the $13,000.00 credit for the S–10 Blazer from the list price of the 1984 Suburban, signed the bill of sale accepting delivery and the terms of the bill of sale, and took delivery of the 1984 Suburban.

Appellant comes to this court with ten points of error, all of which we have carefully considered. We overrule all of said points of error and affirm the trial court's judgment.

By his first point of error, Appellant contends the trial court erred in granting Defendant-Appellee's motion to enlarge time for filing Defendant's answer to Plaintiff's request for admissions, because (he says) Plaintiff was prejudiced thereby in maintaining his action, and that said action by the trial court constituted an abuse of discretion.

Plaintiff-Appellant was inconvenienced by the failure of Defendant-Appellee to answer written interrogatories on time as well as failure on the part of Defendant-Appellee to cooperate on settings of hearings, mainly between April 1984, and June 1985. Most of these problems were solved when Defendant-Appellee changed lawyers.

The case was set for trial for June 12, 1985. On that same day, immediately prior to trial, Defendant-Appellee filed the motion to enlarge time for filing answers to Plaintiff-Appellant's request for admissions. A brief hearing was held before the trial court, after which the court granted Defendant-Appellee's motion to enlarge the time, and the case was continued and reset for trial on the merits on July 3, 1985.

Under Rule 169, Texas Rules of Civil Procedure, effective April 1, 1984, "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits ..." Appellant admits in his brief that "the competent and admissible evidence introduced at trial does not vary from the admissions

or aid in presentation of the merits of the case."

It is well-settled law that the trial court has broad discretion in refusing or granting a motion of the non-answering party to permit the filing of an answer or denial to a request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will be set aside only upon a showing of clear abuse. See *Texas Employers Insurance Association v. Bragg* (Corpus Christi CA 1984) 670 S.W.2d 712, NRE, and the cases cited therein at page 715.

In the case at bar, there is no showing that the trial court's action in question prejudiced Plaintiff-Appellant in maintaining his action. In short, there is no showing of abuse of discretion. Appellant's first point of error is overruled.

Appellant's second point of error asserts the trial court erred in making its finding of fact number 6 and conclusion of law number 3 because (Appellant contends) as a matter of law, the affirmative defense of accord and satisfaction cannot be raised by the Defendant in response to a Plaintiff's cause of action under the Texas Deceptive Trade Practices—Consumer Protection Act.

■ The affirmative defense of accord and satisfaction rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation in a manner otherwise than as originally agreed. The new agreement need not state on its face that it is intended to be an accord and satisfaction. The facts and circumstances surrounding the execution of the new agreement are sufficient to establish the existence of an accord and satisfaction. See *Harris v. Rowe* (Tex.1979) 593 S.W.2d 303.

■ Plaintiff-Appellant has cited no case in support of his contention that the defense of accord and satisfaction is unavailable to a defendant in a cause of action brought under the Texas Deceptive Trade Practices Act. Instead, Appellant has cited cases which hold that some other common

law defenses are not available, to wit, substantial performance, failure of consideration, statute of frauds, and impossibility of completion. From these holdings Appellant draws the conclusion that all common law defenses are unavailable to a defendant in a cause of action brought under the Texas Deceptive Trade Practices Act. We do not agree. To the contrary, *Miranda v. Joe Myers Ford, Inc.* (Houston 1st CA 1982) 638 S.W.2d 36, writ dismissed, holds that an accord and satisfaction barred the plaintiff's suit brought under the Texas Deceptive Trade Practices Act. We agree with the *Miranda* holding in this respect.

■ In the case at bar, the evidence conclusively establishes Defendant-Appellee's affirmative defense of accord and satisfaction. Appellant's second point of error overruled.

Appellant's third, fourth, fifth, and sixth points are as follows:

"3. The trial court erred in admitting evidence of accord and satisfaction over Appellant's objections and in granting Defendant's motion to amend pleadings to include allegations in support of Defendant's affirmative defense of accord and satisfaction, because such defense cannot be raised by Defendant in response to a cause of action under the Texas Deceptive Trade Practices—Consumer Protection Act.

"4. The trial court erred in granting Defendant's motion to amend pleadings to include allegations in support of Defendant's affirmative defense of accord and satisfaction, because Defendant failed to comply with the requirement of Rule 21, Texas Rules of Civil Procedure.

"5. The trial court erred in granting Defendant's motion to amend pleadings to include allegations in support of Defendant's affirmative defense of accord and satisfaction, because Plaintiff was denied a hearing on said motion which was presented to the trial court *ex parte*.

"6. The trial court erred in admitting evidence of accord and satisfaction over Appellant's objections and in granting Defendant's motion to amend pleadings

to include allegations in support of Defendant's affirmative defense of accord and satisfaction, because such defense was not tried by consent."

We believe the foregoing points of error are without merit for two reasons:

 (1) Plaintiff-Appellant's pleadings (Plaintiff's Original and First Amended Petitions) anticipated the defense of accord and satisfaction, and then alleged propositions relied upon to destroy this defense. A party is not required to plead matters already asserted in his opponent's pleadings. More specifically, when the Plaintiff has put matters in issue which form the basis of an affirmative defense, the Defendant may rely upon his general denial. *Ford Motor Co. v. Garcia* (Waco CA 1980) 595 S.W.2d 602, no writ, and the authorities cited therein at page 607.

In the case at bar, Plaintiff's pleadings incorporated by reference Plaintiff's Exhibit No. 2, the bill of sale executed by Plaintiff-Appellant when he purchased the 1984 Suburban. Moreover, such pleadings alleged that Plaintiff paid the price listed in the bill of sale and took delivery of the automobile. Although Plaintiff-Appellant alleged that his payment and acceptance of the 1984 Suburban was made with protest, yet he alleged facts which form the basis of Defendant-Appellee's affirmative defense of accord and satisfaction, and Appellant's allegation of protest was controverted by Appellee's general denial.

(2) We believe the issue of accord and satisfaction was tried by consent. Plaintiff-Appellant himself introduced in evidence Plaintiff's Exhibit No. 2, same being the bill of sale signed by Plaintiff when he took delivery of the 1984 Suburban and paid the purchase price shown on the bill of sale. Although Plaintiff-Appellant testified that he took delivery and paid the purchase price under protest, Defendant-Appellee offered evidence to the effect that following an initial dispute, Plaintiff-Appellant agreed to the terms of the bill of sale without protest. There is nothing in the bill of sale or accompanying papers to show any protest on the part of Plaintiff-Appellant.

For the foregoing reasons, we overrule Appellant's points 3, 4, 5, and 6.

Appellant's eighth point contends the trial court erred in making its findings of fact one through six, as hereinabove quoted, for the stated reason that such findings are against the great weight and preponderance of the evidence. We have already recited sufficient facts to show that there is ample evidence to support such findings.

Plaintiff-Appellant has other points and contentions, all of which we have carefully considered. All are overruled as being without merit.

Judgment of the trial court is affirmed.

AFFIRMED.