NO.
12-05-00253-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WOMCO, INC., PATRICIA MARQUESS, §                      APPEAL
FROM THE 294TH

INDEPENDENT EXECUTRIX
OF THE

ESTATE OF W.O.
MARQUESS, DECEASED,

C.L. AND DORIS HALL,
LORI CLAXTON,

DOUGLAS WAYNE HALL,
NE-TEX AG

TRANSPORTATION
CORPORATION AND

MILLER GROVE FARM
SUPPLY,

APPELLANTS          §                      JUDICIAL DISTRICT COURT OF

 

V.

 

NAVISTAR INTERNATIONAL

TRANSPORTATION
CORPORATION,

PRICE INTERNATIONAL,
INC., AND

MAHANAY INTERNATIONAL,
INC.,

APPELLEES §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                           
                                                

MEMORANDUM OPINION

            Douglas Hall
and Lori Claxton (collectively “Appellants”) appeal the trial court’s order
dismissing their claims against Appellees, Navistar International
Transportation Corporation, Price International, Inc., and Mahanay
International, Inc.  Appellants raise
three issues on appeal.  We dismiss for
want of jurisdiction.

 

Background

            This
is the second time this matter has been before us on direct appeal.  Previously, these Appellants and others
appealed a take nothing summary judgment entered in favor of Appellees.  We held that claims related to thirty-seven
trucks were barred by limitations.[1] 
The trucks purchased by Douglas Hall and Lori Claxton were among the
claims filed outside the statute of limitations.  We affirmed the trial court’s judgment as to
those and other claims, but reversed and remanded in part with regard to claims
not barred by limitations that were asserted by other plaintiffs.[2]

            On
remand, Hall and Claxton sought to file an amended petition, therein raising
new claims for breach of implied warranty relating to Appellees’ servicing of
their trucks.  On April 20, 2005,
Appellees filed a partial motion to dismiss Hall and Claxton’s claims arguing
that they were previously disposed of as parties by the trial court’s take
nothing summary judgment.  Hall and
Claxton responded.  On July 26, 2005, the
trial court granted Appellees’ motion and dismissed Hall’s and Claxton’s
respective claims with prejudice.  This
appeal followed.

 

Appeal of an
Interlocutory Order

            Apart
from exceptions not applicable to the instant case, an appeal may be taken only
from a final judgment.  See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Lentino v.
Frost Nat’l Bank,  159 S.W.3d
651, 653 (Tex. App.–Houston [14th Dist.] 2003, no pet.).  A judgment that finally disposes of all
remaining parties and claims, based on the record in the case, is final.  Lehmann,  39 S.W.3d at 200.  Thus, if a trial court dismisses all
underlying claims in a case except one, there is not a final judgment until the
trial court subsequently enters an order that determines the last claim.  See id. 
An order that does not dispose of all parties and claims, absent
a severance, is interlocutory.  See,
e.g., Cessna Aircraft Co. v. Hotten Aviation Co., 620 S.W.2d 231,
232 (Tex. App.–Eastland 1981, writ ref’d n.r.e.).

            In
the instant case, the trial court’s order of dismissal did not dispose of all
parties and their respective claims.  The
record before us does not contain an order or judgment disposing of all
remaining parties and claims, nor is there any indication that Appellants’
claims were severed.  Therefore, the
trial court’s order of dismissal is interlocutory.  As the trial court’s interlocutory order does
not meet the criteria set forth in Texas Civil Practice and Remedies Code,
sections 15.003 and 51.014,  or other
applicable statute, we lack jurisdiction to consider this appeal.  

Disposition

            Appellants
have improperly sought to appeal an interlocutory order.  We dismiss Appellants’ appeal
for want of jurisdiction.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion
delivered July 19, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
See Womco, Inc. v. Navistar Int’l Corp., 84 S.W.3d 272, 278 (Tex.
App.–Tyler 2002, no pet.).





[2] Id. at 281.