**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Memorandum Opinions filed March 30, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00765-CV

---

**ZHAOHONG WU AND YANJING ZHOU, INDIVIDUALLY AND AS NEXT FRIENDS OF K. W. AND E. W., THEIR MINOR CHILDREN, Appellants**

**V.**

**LUMBER LIQUIDATORS, INC. AND WOOD FLOOR ARTISANS, A GENERAL PARTNERSHIP COMPOSED OF VICTOR MARTINEZ-MEDINA, INDIVIDUALLY, AND AMBER LEE MARTINEZ, INDIVIDUALLY, Appellees**

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2016-08354**

---

## DISSENTING MEMORANDUM OPINION

I respectfully dissent from the majority's affirmation of summary judgment in Appellees' favor based on (1) Appellees' failures to comport with Texas Rule of Civil Procedure 166(a) and (2) disclaimer.

## I. Rule 166(a)

First, I agree with Appellants' contention that Appellees' motions for summary judgment failed to comport with Texas Rule of Civil Procedure 166a. While Appellees moved for summary judgment on numerous grounds, they expressly attacked Appellants' expert reports from Paula Vance and Scott McMahon based on explanations and arguments in their motions to exclude their testimony.[1]  After a de novo review, I conclude Appellees' request for summary judgment failed to comply with Texas Rule of Civil Procedure 166a(c).  *See* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340-41 (Tex. 1993) ("If this court intended Rule 166a(c) to permit a summary judgment movant to place, or possibly hide, grounds for summary judgment in a brief filed in support of the motion or in accompanying summary judgment evidence, the Rule could have easily provided:  'The motion for summary judgment *or the brief in support thereof or the summary judgment evidence* shall state the specific grounds therefor.'  Rule 166a(c), however, does not so provide . . . .  Although Rule 166a(c) is an admittedly rigorous rule, it must be applied as written.") (emphasis in original) (quoting *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 915 (Tex. 1992) ("We are not free to disregard . . . [the rule's] plain

---

[1] Specifically, Appellees argued:

- "Vance is the sole expert regarding this causation theory.  Yet as explained in LLI's Motion to Exclude the Opinions, Testimony, and Report of Paula Vance, Vance's opinions regarding the source of moisture that caused the mold are speculative, unreliable, outside Vance's expertise, and thus inadmissible."; and

- "Plaintiffs rely solely on the opinions of Dr. Scott McMahon to claim that exposure to mold caused the alleged personal injuries for which plaintiffs seek damages in this action . . . .  But as explained in LLI's Motion to Exclude the Testimony Opinions, and Report of Scott McMahon, McMahon's opinions regarding causation are speculative and unreliable, and thus inadmissible."

language.  Nor should we revise the rule by opinion.")).

Appellees' failure to comply with Texas Rule of Civil Procedure 166a means that no relevant burden ever shifted to Appellants.  *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511-12 (Tex. 2014) ("[I]f the movant does not satisfy its initial burden, the burden does not shift and the non-movant need not respond or present any evidence.") (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013)); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999) ("The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense.") (citing *Oram v. Gen. Am. Oil Co. of Tex.*, 513 S.W.2d 533, 534 (Tex. 1974) (per curiam); *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972)); *see also Amedisys, Inc.*, 437 S.W.3d at 511-12 ("This is because 'summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right' to judgment.") (citing *McConnell*, 858 S.W.2d at 343 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678)).  Therefore, the trial court erred when it granted summary judgment in Appellees' favor.

## II.    Property damage

After a de novo review, I perceive the controlling questions concerning Appellants' property damage claim to be whether (1) there is more than a scintilla of evidence tending to prove that Appellees' acts or omissions were a substantial factor in bringing about the injuries and (2) the harm would have occurred without those acts or omissions.  *See Windrum v. Kareh*, 581 S.W.3d 761, 777 (Tex. 2019).  On appeal, Appellants argue the trial court erroneously resolved both of these

questions in Appellees' favor; I agree.

Appellants introduced evidence from Rick Jones, a flooring expert. Jones concluded that (1) "the bamboo flooring cupped and buckled consistent with excessive moisture from the concrete subfloors"; (2) Appellees' negligence caused excessive moisture; (3) Appellees failed to "perform the required ASTM moisture testing"; (4) "the adhesive was not applied as required"; and (5) excessive water was mixed into the float. Appellants also relied upon an expert report from Inspect Solutions (retained by Appellees) opining that failure "to properly test concrete slabs prior to installation of Bamboo flooring will result in flooring being installed into a wet environment which produces moisture related issues as in this case." Appellants further produced a report from another of Appellees' experts, MAPEI; that report acknowledged possible causes of the mold included "failure to test concrete slabs", "lack of expansion space", and "failure to properly . . . acclimate". The majority's opinion even concedes Inspect Solution's report concludes "[a]ll of the issues above are either directly responsible or a contributing factor in the issues" of which Appellants complain and the issues are "installation related."

When I take these propositions as true and resolve any doubts in Appellants' favor (*see Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017)), this evidence constitutes at least a scintilla of evidence because it creates more than a mere surmise of suspicion tending to prove cause in fact and foreseeability concerning Appellants' property damage claims. *See id.* at 680-81; *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 621 (Tex. 2004) ("The scintilla rule, although having its origin at a much earlier date, was firmed up in Texas in *Joske v. Irvine* [44 S.W. 1059 (Tex. 1898)]. The rule may be stated in these words: when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is, in legal effect,

4

no evidence, and will not support a verdict or judgment.") (quoting Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 363 (1960)).

## III.    Disclaimer

Finally, the majority opinion (1) concedes "there is no evidence in the record to show that appellants were provided with the Home Improvement Agreement before the performance or payment for services"; (2) cites *Womco, Inc. v. Navistar International Corp.*, 84 S.W.3d 272, 279 (Tex. App.—Tyler 2002, no pet.), for the proposition that fact issues preclude summary judgment where there is no evidence that the disclaimer in the contract was disclosed or communicated prior to the completion of the contract for sale; and (3) concludes the disclaimer at issue is nonetheless "effective for the implied warranty of fitness for particular purpose." I believe the majority's analysis is facially erroneous and contrary to the authority it has elected to cite. *See id.*; *see also* Tex. Bus. & Com. Code Ann. § 2.316 cmt. 1 (one of the underlying purposes of the statutory scheme concerning the exclusion and modification of warranties was to protect buyers from surprise by permitting the exclusion of implied warranties); *Klo-Zik Co. v. Gen. Motors Corp.*, 677 F. Supp. 499, 508 (E.D. Tex. 1987) ("In order for the disclaimer to be effective, the plaintiffs must have had an opportunity to examine it prior to consummation of the contract for sale.") (citing *Mercedes-Benz of N. Am., Inc. v. Dickenson*, 720 S.W.2d 844, 852 (Tex. App.—Fort Worth 1986, no writ); *Willoughby v. Ciba-Geigy Corp.*, 601 S.W.2d 385, 388 (Tex. App.—Beaumont 1979, writ ref'd n.r.e.)); Russell J. Weintraub, *Disclaimer of Warranties and Limitation of Damages for Breach of Warranty Under the UCC*, 53 Tex. L. Rev. 60, 69 (1974) (citing *Dessert Seed Co. v. Drew Farmers Supp., Inc.*, 454 S.W.2d 307 (Ark.

1970); *Dougall v. Brown Bay Boat Works & Sales, Inc.*, 178 N.W.2d 217 (Minn. 1970)).

## IV.    Conclusion

Based on the foregoing, I respectfully dissent.


/s/    Meagan Hassan
       Justice


Panel consists of Justices Wise, Spain, and Hassan (Wise, J., majority).