**LIVINGSTON FORD MERCURY, INC., Appellant,**

v.

**Hal HALEY, Sr. d/b/a Ketx Radio, Appellee.**

No. 09–98–454CV.

Court of Appeals of Texas, Beaumont.

Submitted April 9, 1999.

Decided Aug. 26, 1999.

Julie Alston, Lufkin, for appellant.

Gene Bush, Livingston, Craig R. Denum, Storey & Denum, Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

EARL B. STOVER, Justice.

This is an appeal from the trial court's granting of a summary judgment on a sworn account suit brought by Hal Haley Sr., d/b/a KETX Radio (Appellee) against Livingston Ford–Mercury, Inc. (Appellant).

Based on radio advertising services provided by KETX radio station to Livingston Ford from November 1989 through March 1996, KETX's suit on a sworn account alleges that the dealership owes the station $11,340. Both parties filed motions for summary judgment; the trial court granted the radio station's motion and denied that of the dealership.

When both parties file competing motions for summary judgment and one is granted and the other denied, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). If the issue raised is based upon undisputed and unambiguous facts, then the court can determine the question presented as a matter of law. *McCreight v. City of Cleburne*, 940 S.W.2d 285, 288 (Tex.App.—Waco 1997, writ denied). However, if determination of the issue lies in disputed or ambiguous facts, summary judgment is inappropriate, and the court will reverse and remand. *Id.*

Livingston Ford brings four issues on appeal. The dealership does not contend, either below or on appeal, that the account alleged by KETX does not fall within the confines of Tex.R. Civ. P. 185. Consequently, we do not address that issue. Instead, the dealership claims in its first point of error that the statute of limitations in Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a)(3), as opposed to the limitations provision in sec. 16.004(c), bars all, or at least part of, the radio station's claim. We disagree and find that the applicable statute of limitations is section 16.004(c).

Section 16.004(c) applies to various types of accounts, including an open account. An "open account" was defined over a century ago in *McCamant v. Batsell*, 59 Tex. 363, 367–69 (Tex.1883):

> As used in the statutes of this state, in act referred to, we believe that the word "account" is used in its popular sense, rather than in a technical sense, and that it applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property passes from the one to the other, and the relation of debtor and creditor is thereby created by general course of dealing....
>
> ....
>
> An "open account" is defined to be "one in respect to which nothing has occurred to bind either party by its statements; an account which is yet fully open to be disputed." *Abbott's Law Dictionary*....
>
> An account is said to be open also, when there have been running or current dealings between the parties, and the account is kept open with the expectation of further dealings.

In the instant case, the summary judgment evidence reflects a running account of the advertisements done by KETX on behalf of Livingston Ford. The parties do not dispute the ongoing nature of their dealings. There is, however, no sale or purchase of personal property, as found to be necessary by *McCamant* in its holding regarding a suit on an account under art. 2266, one of the predecessor sworn account statutes. *Id.* at 368.

Prior to their amendment in 1979 and subsequent codification in the Texas Civil Practices and Remedies Code, articles 5526 and 5527 of the Revised Civil Statutes governed, among other things, limitations in contracts and open and stated accounts and read in pertinent part as follows:

Art. 5526.

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

. . . .

4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted.

. . . .

Art. 5527.

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

. . . .

3. Actions by one partner against his co-partner for a settlement of the partnership accounts, or upon mutual and current accounts concerning the trade of merchandise between merchant and merchant, their factors or agents; and the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together.

Codified in the Texas Civil Practices and Remedies Code, the current statute, quoted in pertinent part below, is similar to the 1979 amended versions: [1]

### § 16.004. Four–Year Limitations Period

(a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:

. . . .

(3) debt.

. . . .

(c) A person must bring suit against his partner for a settlement of partnership accounts, and must bring an action on an open or stated account, or on a mutual and current account concerning the trade of merchandise between merchants or their agents or factors, not later than four years after the day that the cause of action accrues. For purposes of this subsection, the cause of action accrues on the day that the dealings in which the parties were interested together cease.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3), (c) (Vernon 1986).

Under the pre–1979 limitations statutes, the accrual date for open and stated accounts was the date of delivery of the "item." By its very language, the prior provision restricted open and stated accounts to "items" or personal property. With the 1979 amendment, open and stated accounts were moved to the four year statute [2] (now section 16.004(c)) and grouped with partnership accounts and mutual and current accounts between merchants. In § 16.004(c), the accrual date is the day "the dealings in which the parties were interested together cease[d]." TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(c) (Vernon 1986).

■ Under the current version of the statute, the accounts between merchants continue to be specifically restricted to "merchandise" or items. However, unlike

---

**1.** *See* Act of May 27, 1979, 66 th Leg., R.S., ch. 716, 1979 Tex. Gen. Laws 1768–69.

**2.** *Id.*

their treatment in the earlier statute, open and stated accounts are not made subject to such a restriction. We conclude the change in the statutory provisions regarding open and stated accounts effectively eliminates the requirement that such accounts, as least as to section 16.004(c), be restricted to those involving "items" or personal property.[3]

■ We find the cause of action herein is an "open account" within the meaning of section 16.004(c). *See generally Little v. Air Force Village Foundation*, 974 S.W.2d 88, 93 (Tex.App.—San Antonio 1998, pet. denied) (Applying section 16.004(c), appeals court found statute of limitations accrued on contract claim for money due on nursing home care "on the day that the dealings in which the parties were interested together cease[d]." In applying the statute to the facts of this case, we note that the account, attached by KETX as summary judgment evidence, reflects monthly dealings between the parties from 1989 through March 1996, with the exception of May and June in 1994. February 1996 was the last month in which the radio station actually advertised for the dealership. The date the "last dealings in which the parties were interested together cease[d]" was March 29, 1996; on that date, an entry on the account shows the receipt of a $250 payment from appellant. Based on the statute, we conclude the cause of action accrued in March 1996, and, therefore, KETX's suit filed on January 24, 1997, was not barred by the statute of limitations. Issue one is overruled.

In issues two and three, Livingston Ford contends the trial court erred in granting summary judgment on the sworn account because appellee did not establish the account as a matter of law and because appellant raised a material fact issue regarding the account. In its brief on appeal, the dealership states that the actual radio advertising in dispute is for the period May 31, 1991, through April 21, 1994. We, therefore, limit our review in points two and three to the scope of appellant's complaint.

■ To be entitled to summary judgment, the movant must conclusively prove all essential elements of his claim. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). After the movant produces evidence entitling it to summary judgment, the burden then shifts to the non-movant to present evidence creating a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). Although summary judgments in sworn account suits are subject to the same standard of review as other summary judgments, sworn accounts nonetheless have a unique feature, as explained in *Andrews v. East Texas Med. Center–Athens*, 885 S.W.2d 264, 267 (Tex.App.—Tyler 1994, no writ):

> Although TEX.R. CIV. P. 166a was never intended to deprive a litigant of a full hearing on the merits of any fact issue,

---

**3.** We are, of course, aware of cases interpreting the term "open account" in Rule 185 and its predecessors, as being one in which there is a sale and delivery of personal property by one to another, from which contract, express or implied, the receiver becomes the debtor. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75 (Tex.1958); *McCamant v. Batsell*, 59 Tex. 363 (1883); *Hou–Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Southline Equip. Co. v. National Marine Serv., Inc.*, 598 S.W.2d 340, 343–44 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). A similar treatment has been accorded the term "open account" when used in attorney's fees and prejudgment interest contexts.

*See Carter v. Hegar*, 595 S.W.2d 612, 615 (Tex.Civ.App.—Austin 1980, no writ) (attorney's fees under former attorney's fees statute, art. 2226); *King Optical v. Auto. Data Processing*, 542 S.W.2d 213, 217 (Tex.Civ. App.—Waco 1976, writ ref. n.r.e.) (Meaning of "open account" under former statute governing prejudgment interest, article 5069—1.03, does not include a claim based on services rendered.) Under those statutes, the open account embraces those transactions by which the title to personal property passes from one person to another. We find them distinguishable from section 16.004(c), based on the legislature's change of language therein.

[appellant's] arguments overlook the unique nature of a suit on a sworn account. Generally, pleadings alone, even if not verified, do not constitute summary judgment evidence. *Clear Creek Basin [Auth.,* 589 S.W.2d at 678]. However, sworn accounts typically lend themselves to summary judgment disposition because the pleadings can be the basis for summary judgment. *Enernational Corp. v. Exploitation Engineers,* 705 S.W.2d 749, 750 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In the sworn account context, the pleadings themselves can establish a prima facie case. *Id.* at 267.

■■■ To support a prima facie case in a suit on a sworn account, as well as summary disposition, the movant must strictly follow the provisions outlined in Rules 185, 93(10), and 166a of the Texas Rules of Civil Procedure. *See Andrews,* 885 S.W.2d at 267. Under Rule 185, a plaintiff's petition on a sworn account, which is based on a systematic record kept of the account, must be supported by an affidavit to the effect that such claim is "within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." See TEX.R. CIV. P. 185. If the party against whom a proper sworn account petition is filed does not deny the account in accordance with the requirements of Rule 185, the plaintiff's petition with supporting affidavit is considered prima facie evidence to support a summary judgment, and additional proof of the accuracy of the account is unnecessary. *Id.; see Rizk v. Financial Guardian Ins. Agency, Inc.,* 584 S.W.2d 860, 862 (Tex. 1979).

■■■ KETX claims Livingston Ford's denial of the account is inadequate as a matter of law, because it is merely a sworn general denial, which does not meet the requirements of Rules 185 and 93(10). *See Andrews,* 885 S.W.2d at 267. That contention, however, is incorrect, because Livingston Ford's denial of the account satisfies the requirements of both rules. Attached to the car dealership's answer is the affidavit of Jeff Baker, the dealership's general manager. He states the account was not compiled until three years after the actual date of the rendering of the services and was not systematic. He further declares that no billing was received by Livingston Ford on the account for approximately three years. His particularized assertions are more than a mere sworn general denial. Livingston Ford's verified denial of the correctness of KETX's sworn account, in the form required by Rule 185, destroys the evidentiary effect of the itemized account and forces the radio station to put on proof of its claim. *See Rizk,* 584 S.W.2d at 862. *United Bus. Mach. v. Entertainment Marketing, Inc.,* 792 S.W.2d 262, 263 (Tex. App.—Houston [1st Dist.] 1990, no writ).

■■■ Because Livingston Ford's verified denial was adequate, KETX must submit common law proof of the account in its motion for summary judgment. *See Pat Womack, Inc. v. Weslaco Aviation, Inc.,* 688 S.W.2d 639, 641 (Tex.App.—Corpus Christi 1985, no writ). The elements of a sworn account claim are:

(1) A sale and delivery of goods or services;

(2) The charges on the account are just, i.e., the prices are charged in accordance with an agreement or, in the absence of an agreement, are the usual, customary, and reasonable prices for that good or service, and

(3) the purchase price remains unpaid by the defendant.

*Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex.App.—Houston [1st Dist.] 1997, no writ); *Andrews,* 885 S.W.2d at 266. Our review of the record indicates that KETX's motion for summary judgment and accompanying summary judgment evidence established each of these elements. The first element, KETX's performance of services, was attested to in Haley's affidavit attached to the summary judgment motion, wherein he states that

the business dealings between KETX and Livingston Ford involved the buying and selling of advertising slots and that a systematic record was kept of those dealings. The second element is satisfied by Haley's statement that the account is just and true and that all lawful offsets, payments, and credits were allowed. The last element is undisputed; the account remains unpaid. Having presented competent evidence of all three elements, KETX's summary judgment proof establishes the common law elements of a sworn account as a matter of law.

▉ Once KETX established its common law sworn account action as a matter of law, Livingston Ford then had the burden of raising a genuine issue of material fact that would prevent the trial court from granting a summary judgment. As summary judgment proof of the incorrectness of the account, Livingston Ford relies upon Baker's affidavit, which states, in pertinent part, the following:

> My review of the records further demonstrates that no billing was received by [appellant] from KETX Radio from the date of May 31, 1991 until July, 1994. Further there is no written agreement between KETX Radio and [appellant] for any advertising during this period of time.

> [Livingston Ford] denies that any systematic records were kept for the account proposed by [KETX]. Further, I have personally reviewed some of the alleged "supporting documents" for this billing, and those documents are not consistent with the account at issue in this lawsuit. Specifically, there were no months that I reviewed where the "logs" of KETX Radio were consistent with the billing account urged in this lawsuit by [KETX]. Rather, the account urged by [KETX] is made up of entries not based upon supporting records, but which was instead made up after approximately three (3) years of no billing being sent and no billing entries being systematically kept.

In addition to his averments regarding the lack of billing for a three year period, entries not based on supporting records, and inconsistencies between the radio logs and the account as stated, Baker also states the dealership made a $300 payment to KETX in check number 7339, dated March 29, 1993, for which no credit was ever given in the account alleged by KETX. Such allegations raise a material fact issue regarding the accuracy of the account.

▉ In its response to Livingston Ford's own motion for summary judgment and Baker's accompanying affidavit, KETX sought to counter the dealership's allegation by simply stating that the $300 credit claimed by the dealership was not reflected in the account because the dealership had paid the bill at the time the service was rendered; the only items listed in the account were those for which appellant had to be billed and not those paid upon rendition of the service. KETX's claims to that effect, however, are contained only in response to Livingston Ford's motion and not in an affidavit. Although KETX's response is verified, the response by itself is not competent summary judgment evidence capable of refuting appellant's claim concerning the omission of the $300 payment from the account. Generally, pleadings are not competent evidence, even if sworn or verified. *See Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995). The exception to the general rule, of course, is the sworn account suit itself. *See Andrews,* 885 S.W.2d at 267. KETX's response to Livingston Ford's motion for summary judgment is not a suit on a sworn account.

In addition to Baker's affidavit, Livingston Ford also attached as summary judgment evidence a copy of a letter, dated February 24, 1994, from KETX to appellant. The letter, in pertinent part, is set out below:

> Due to the demands on all our staff during our long, protracted labor in up-

grading our FM, TV and tower over a period of about 3 years. [sic] Other demands took their toll on our office work, especially bookkeeping as we did what was necessary to do first things first to operate the stations and do our station upgrades.

All that is now behind us and we promise to keep your billing current from now on. Patricia . . ., professional full time bookkeeper brought all the books up to date and will remain with us on a full time basis.

Again, I apologize for the inconvenience this may have caused you. If this amount is a problem with you, please call me and we will work out something you can handle.

KETX's letter, which indicates the billing was not kept current for approximately three years, and Baker's affidavit, raise material fact issues regarding whether the account was systematically kept, as required by Rule 185, and whether an account containing, as Baker states, inconsistencies and made-up entries, is correct and just.

Because material fact issues have been raised regarding the account, we conclude the trial court erred in granting appellee's motion for summary judgment and sustain issue three. Since the summary judgment is reversed, appellee's attorney's fees, a part of the summary judgment, are likewise disposed of by our reversal of the summary judgment. Therefore, we need not address issue four.

The judgment is reversed, and this case is remanded to the trial court.

REVERSED AND REMANDED.