Opinion issued February 8, 2007









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00788-CV






PEPI CORPORATION, Appellant


V.


BRETT GALLIFORD, D/B/A GREEN ELECTRONICS, Appellee






On Appeal from the County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 803458






O P I N I O N


 Brett Galliford, appellee, performed work as a subcontractor on property
owned by Pepi Corporation, appellant. Galliford brought suit against Pepi Corp.
arguing that Galliford failed to receive payment from the contractor and Pepi Corp.
allegedly assured Galliford that he would be paid. After holding a bench trial, the
trial court found Pepi Corp. liable under quantum meruit.

 In five points of error, Pepi Corp. argues that the trial court erred by ruling in
favor of Galliford because (1) Galliford's claim of quantum meruit is barred by the
statute of limitations; (2) the existence of a contract between Galliford and the
contractor bars recovery under quantum meruit; (3) the evidence is legally insufficient
to establish a claim of unjust enrichment; (4) the evidence is legally insufficient to
establish a claim of quantum meruit; and (5) the evidence is legally insufficient to
support a finding of damages.

 We reverse and render.

Background

 In 1999, Pepi Corp. hired a contractor to construct a restaurant on property it
owned. The contractor, in turn, hired Galliford to perform electrical work on the
building. Galliford submitted invoices to the contractor, but did not receive any
payment. Galliford then contacted Pepi Corp., and allegedly spoke with Albert Pepi,
the president of Pepi Corp. Galliford testified that during multiple conversations with
Albert, he told Galliford, "I'll make sure you get paid." Almost two years after
Galliford's completion of the electrical work, the contractor filed for bankruptcy
protection. When Pepi Corp. refused to pay Galliford directly, Galliford brought suit.

Statute of Limitations

 In the first point of error, Pepi Corp. argues that Galliford's claims are barred
by a two-year statute of limitations. In order to decide this point of error, we must
determine the type of claim that Galliford brought and decide whether a two or four-year statute of limitations applies to the claim brought. 

A. Standard of Review

 Both parties agree that Galliford's cause of action accrued in January of 2000. 
When the date of accrual of the cause of action is not disputed, the trial court may
decide whether the plaintiff's claims are barred by limitations as a matter of law. 
Intermedics, Inc. v. Grady, 683 S.W.2d 842, 845 (Tex. App.--Houston [1st Dist.]
1984, writ ref'd n.r.e.). We review a trial court's conclusions of law de novo. BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). The trial court
did not file findings of fact or conclusions of law. However, the judgment for
Galliford carries an implied finding that Galliford's claim was not barred by
limitations. See id. at 795. 



B. Type of Claim

 Before deciding whether the trial court erred in finding as a matter of law that
Galliford's claims were not barred by the statute of limitations, we first clarify the 

type of claim that Galliford brought. Galliford's petition states "Plaintiff seeks to
recover damages from [Defendant] in quantum meruit. Plaintiff would show that the
Defendant has unjustly enriched itself to Plaintiff's damage." The pleading states that
Galliford seeks recovery in quantum meruit.

 Unjust enrichment is an independent cause of action. See HECI Exploration
Co. v. Neel, 982 S.W.2d 881, 891 (Tex. 1998). However, a claim that the opposing
party is unjustly enriched by retaining the benefits of services rendered by the
plaintiff can also be the basis for a quantum meruit cause of action, rather than a
separate claim in itself. See Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc., 787
S.W.2d 942, 944 (Tex. 1990) (recognizing recovery when non-payment for services
rendered would result in unjust enrichment to party benefitted).

 To recover in quantum meruit, the plaintiff must prove (1) that valuable
services were rendered or materials were furnished, (2) for the person sought to be
charged, (3) which services and materials were accepted by the person sought to be
charged, used and enjoyed by him, (4) under such circumstances as reasonably
notified the person sought to be charged that the plaintiff, in performing such
services, was expecting to be paid by the person sought to be charged. Id. 
Galliford's pleading addresses the first three elements by including statements that
he had provided goods, materials, and services which were retained by Pepi Corp. for
the improvement of property owned by Pepi Corp. Galliford also states in his
pleading that Pepi Corp. repeatedly assured him that he would be paid, and the work
was done "at the insistence and request" of Pepi Corp. These statements show that
Galliford intended to plead and prove the fourth element of a quantum meruit claim. 

 Other than the statement that Pepi Corp. had "unjustly enriched itself,"
Galliford's pleading makes no specific reference to any proof of a separate unjust
enrichment cause of action. The language used in the pleading indicates that
Galliford's claim against Pepi Corp. is a quantum meruit claim founded on unjust
enrichment, rather than an independent cause of action for unjust enrichment. 

C. Statute of Limitations

 The Supreme Court of Texas has stated that a two-year statute of limitations
applies to unjust enrichment claims. See Wagner & Brown, Ltd. v. Horwood, 58
S.W.3d 732, 737 (Tex. 2001); HECI, 982 S.W.2d at 885. Appellant argues that the
two-year statute of limitations applies whether the claim is for unjust enrichment or
quantum meruit. We disagree. 

 An attempt to recover the value of materials and services rendered and
accepted in quantum meruit is "a species of a suit for debt." Mann v. Jack Roach
Bissonnet, Inc., 623 S.W.2d 716, 718 (Tex. Civ. App.--Houston [1st Dist.] 1981, no
writ). Prior to 1985, the limitations statutes for debt actions were codified in Texas
Civil Practices and Remedies Code articles 5526 and 5527. (1) Before amendment in
1979, Article 5526 stated that a two-year statute applied to actions for certain debts
and did not specify whether such debt was evidenced by a writing. (2) The pre-1979
version of article 5527 limited debt actions grounded upon any contract in writing
to a four-year statute of limitations. (3) However, in 1979, article 5527 was amended
and later recodified in Texas Civil Practices and Remedies Code section 16.004. 
Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (Vernon 2002). Section 16.004 states
that actions in debt are governed by a four-year statute and makes no reference to a
requirement that the debt must be evidenced by a written contract. Id; see also
Livingston Ford Mercury, Inc. v. Haley, 997 S.W.2d 425, 428 (Tex. App.--Beaumont
1999, no pet.) (comparing pre-1979 art. 5527 language to section 16.004). Therefore,
the four-year statute of limitations in section 16.004 applies to debt actions, whether
or not the debt is evidenced by a written contract. See Tex. Civ. Prac. & Rem. Code
Ann. § 16.004 (Vernon 2002). 

 Appellant cites Johns v. Ram-Forwarding from this Court for the proposition
that a two-year statute should govern quantum meruit claims. Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635, 638 (Tex. App.--Houston [1st Dist.] 2000, no
pet.). In Johns, we overruled an appellant's claim that the trial court erred in limiting
his quantum meruit claim to two years. Id. However the statement in Johns refers
to the appellant's argument against the application of a two-year statute of limitations,
which appellant had not raised in the trial court. Id. Therefore, we held that appellant
had not preserved error regarding the issue and did not reach whether the statute for
quantum meruit was two or four years. Id.

 Appellant also cites Williams v. Roberts as authority for his assertion that a
two-year statute applies to quantum meruit claims. 621 S.W.2d 427 (Tex. App.--San
Antonio 1981, no writ). In Williams, the court held that a quantum meruit claim,
which otherwise would have been barred by either a two-year or four-year statute,
was not barred by limitations because it arose from the same transaction as the
original petition, which had been filed early enough to satisfy both statutes. Id. at
429. The court mentions a two-year statute of limitations only in reference to the
cross-appellant's argument. Id. at 428. Similar to this Court in Johns, the San
Antonio court in Williams did not reach whether the claim stated in the amended
petition was governed by a two- or four-year statute of limitations. See id. at 429.

 This Court has recently recognized that the four-year statute of limitations is
applicable to quantum meruit claims. See C.M. Asfahl Agency v. Tensor, Inc., 135
S.W.3d 768, 778 n.7 (Tex. App.--Houston [1st Dist.] 2004, no pet.). Other courts
of appeals have also applied a four-year statute of limitations to quantum meruit
claims. See Frazier v. Havens, 102 S.W.3d 406, 410-11 (Tex. App.--Houston [14th
Dist.] 2003, no pet.) (recognizing that four year statute applied to quantum meruit, but
holding that overpayments made more than four years prior to filing of counterclaim
were not barred because they arose from same transaction as original claim); Rainbow
Group, Ltd. v. Johnson, No. 03-00-00559-CV, 2002 WL 1991141, at *4 (Tex.
App.--Austin Aug. 30, 2002, pet. denied) (not designated for publication). The
language of section 16.004 of the Texas Civil Practices and Remedies Code and the
weight of authority in the courts of appeal show that quantum meruit claims should
be governed by a four-year statute of limitations. 

 The parties agree that the services Galliford claims were provided to and
retained by Pepi Corp. were completed in January of 2000. Galliford filed the lawsuit
on October 17, 2003. Accordingly, we hold that Galliford's quantum meruit claim
is not barred by the four-year statute of limitations. 

 We overrule appellant's first point of error.

Contract as Bar to Recovery Under Quantum Meruit

 In its second point of error, Pepi Corp. argues that the trial court erred by ruling
in favor of Galliford because an express contract bars recovery under quantum meruit.

 Galliford entered into a contract with the contractor for the work performed on
the property owned by Pepi Corp. (4) As a general rule, the presence of an express
contract bars recovery under quantum meruit. In re Kellogg Brown & Root, Inc., 166
S.W.3d 732, 740 (Tex. 2005); Inglish v. Prudential Ins. Co. of Am., 928 S.W.2d 702,
706 (Tex. App.--Houston [1st Dist.] 1996, writ denied). This rule not only applies
when a plaintiff is seeking to recover in quantum meruit from the party with whom
he expressly contracted, but also when a plaintiff is seeking to recover "from a third
party foreign to the original but who benefitted from its performance." Hester v.
Friedkin Cos., Inc., 132 S.W.3d 100, 106 (Tex. App.--Houston [14th Dist.] 2004,
pet. denied) (quoting Iron Mountain Bison Ranch Inc. v. Easley Trailer Mfg., Inc., 42
S.W.3d 149, 160 (Tex. App.-Amarillo 2000, no pet.)). A plaintiff seeking to recover
the reasonable value of services rendered or materials supplied is precluded from
recovering in quantum meruit if there is an express contract that covers those services
or materials and if no exception to the general rule applies. Id. (citing W & W Oil Co.
v. Capps, 784 S.W.2d 536, 537-38 (Tex. App.--Tyler 1990, no writ) (holding that
construction company, who was unaware of farm-out agreement and who furnished
goods and services to farmee, was precluded from recovering value of goods and
services against farmor in quantum meruit, even though farmor made verbal promises
to pay for completed work, because subject matter was covered by valid express
contract (farm-out agreement)) and Morales v. Dalworth Oil Co., Inc., 698 S.W.2d
772, 774-76 (Tex. App.--Fort Worth 1985, writ ref'd n.r.e.) (explaining that implied
contract cannot exist where subject matter is covered by valid express contract and
holding that valid express contract between gasoline equipment installer and land
lessees precluded installer's recovery against lessor in quantum meruit because the
subject matter of claim, the equipment, was covered by installer's contract with
lessees)). 

 The Texas Supreme Court has recognized three exceptions to the general rule
that an express contract bars recovery under quantum meruit. "First, recovery in
quantum meruit is allowed when a plaintiff has partially performed an express
contract but, because of the defendant's breach, the plaintiff is prevented from
completing the contract." Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988). This
exception is not available because Galliford has fully completed the contract and
because Pepi Corp. is not the breaching party.

 Second, "[r]ecovery in quantum meruit is sometimes permitted when a plaintiff
partially performs an express contract that is unilateral in nature." Id. at 937. The
present contract is bilateral; thus, this exception cannot apply to Galliford.

 Third, a breaching plaintiff in a construction contract can recover the
reasonable value of services less any damages suffered by the defendant if the
defendant accepts and retains "the benefits arising as a direct result of the [plaintiff's]
partial performance." Id. This exception is not available because Galliford did not
breach.

 Substantial performance is a condition precedent to recovery under an express
contract. Murray v. Crest Const., Inc., 900 S.W.2d 342, 345 (Tex. 1995). Each of
the exceptions listed above relates to an inability to recover under contract because
of a failure of this condition precedent--either because of a breach preventing
completion of the condition precedent or because of a lack of any legal obligation that
creates the condition precedent. It is undisputed that Galliford completed the
electrical work under the contract, and, thus, Galliford fulfilled his condition
precedent. Therefore, recovery under a breach-of-contract claim is available, and
recovery under quantum meruit is precluded. 

 The dissent acknowledges that, under the rule in Crest Construction, Inc., a
party may not recover under quantum meruit when there is an express contract
covering the services or materials furnished. The dissent also acknowledges that to
fall under the exception for construction contracts and to recover in quantum meruit,
the plaintiff must have failed to complete the work under the contract. Nevertheless,
the dissent contends that, because Galliford completed his work on the project based
on Albert Pepi's promise to pay him, "equity supports Galliford's recovery against
Pepi in quantum meruit." Moreover, the dissent asserts that Galliford completed his
work "only because Pepi assured him" that he would be paid.

 Galliford testified, however, that he continued his work because he expected
to be paid by either the contractor or Pepi and that he never terminated his agreement
with the contractor. Moreover, although Galliford began calling Albert Pepi
regarding the dispute over payment in late 1999, Galliford did not apparently look to
Pepi for payment for the completed electrical work until some time later. To the
contrary, upon the completion of the work under the contract in January 2000,
Galliford sent the last invoice to the contractor at the end of January, continued to
correspond with the contractor regarding payment during the Spring of 2000, and,
finally, filed a lien against the contractor in March of 2000. Thus, it appears that both
parties considered the contract between Galliford and the contractor to be valid and
in effect at the time of Galliford's completion of his work under the contract.

 As explained above, absent an applicable exception, the general rule is that the
presence of an express contract bars recovery under quantum meruit. In the instant
case none of the exceptions apply, there was an express contract, and Galliford fully
performed his duties under that contract. Therefore we hold that the trial court erred
by entering judgment in favor of Galliford premised on quantum meruit.

 We sustain Pepi Corp.'s second point of error. (5)

Conclusion

 We reverse the judgment of the trial court and render judgment that Galliford
take nothing.


 Laura Carter Higley

 Justice


Panel consists of Justices Jennings, Hanks, Higley.


Justice Jennings, dissenting.
1. See Act of May 27, 1979, 66th Leg., R.S., ch. 716, 1979 Tex. Gen. Laws 1768- 69, repealed by Act of May 17, 1985, 69th Leg., ch. 959, 1985 Tex. Gen. Laws 3242-322). 
2. See Act approved Feb. 5, 1841, 5th Cong., R.S. § 2, 2 H.P.N. Gammel, The Laws of Texas 1822-1897, at 627 (Austin, Gammel Book Co. 1898), amended by Act of May 27, 1979, 66th Leg., R.S., ch. 716, 1979 Tex. Gen. Laws 1768- 69. 
3. Id. 
4. On the one hand, Galliford disputes that there was a contract, while on the other, he
argues that he "did have an 'agreement' with the General Contractor to provide
services, goods, and materials for the improvement, benefit and use of Appellant's
property and was expecting recompense from the General Contractor." This meets
the definition of a contract. See Hutchings v. Slemons, 141 Tex. 448, 452, 174
S.W.2d 487, 489 (1943).
5. Because our ruling on this point of error disposes of all remaining issues in this
appeal, we do not reach Pepi Corp.'s remaining points of error.