In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00137-CV


______________________________




SUNDANCE RESOURCES, INC., Appellant



V.



DIALOG WIRELINE SERVICES, L.L.C., Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 2007-2140-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Dialog Wireline Services, L.L.C., brought suit against Sundance Resources, Inc., bringing
an action on a sworn account and, alternatively, in quantum meruit. The trial court granted Dialog's
traditional motion for summary judgment on the sworn account claim and Sundance has filed this
appeal, claiming that the trial court erred in two respects: (1) that there was insufficient evidence
to sustain the summary judgment and (2) that it should have sustained Sundance's special exceptions
to the summary judgment motion and its objections to summary judgment affidavits presented by
Dialog. 

I. Factual and Procedural Background

 At Sundance's request, Dialog provided wireline services (1) to Sundance for a period beginning
May 31, 2006 until June 19, 2006, and charged a total of $64,336.20 for those services. Either at the
outset of their relationship or during its first month, Sundance made one $7,000.00 payment, leaving
a total balance of $57,336.20 remaining unpaid. More than thirty days after having sent a final
demand for payment of the balance, Dialog filed its original verified petition, seeking payment of
the outstanding balance, plus attorney's fees in the amount of $18,920.00. Although primarily a suit
on sworn account, an alternative plea of recovery under quantum meruit was pled. 

 Sundance's first pleading, filed October 26, 2007, was an original answer denying "each and
every item of [Dialog's] sworn account," denying, more specifically, "that [Dialog] provided all
necessary consideration for the alleged contract(s) and/or that such consideration failed." Although
an affidavit was appended to this pleading and signed by the chief operating officer of Sundance
which said that the pleadings were true and correct, the affidavit did not make the statement that the
information was within the personal knowledge of the affiant. 

 Dialog filed a motion for summary judgment on August 12, 2008, "embrac[ing] its entire
cause of action against [Sundance]." Attached was the affidavit of Renee Meaux stating that as the
financial manager of Dialog, she had personal knowledge of the facts in the motion for summary
judgment and the attached invoices, and that both were true and correct. (2)

 The trial court set the summary judgment for hearing on September 22, 2008. Six days
before the summary judgment was to be heard, Sundance filed its response and objections to Dialog's
supporting affidavits. The response alleged that summary judgment was inappropriate because: 
(1) there was no evidence of a written account or prior course of dealing between the companies;
(2) Dialog had not proven the amount owed was just; and (3) there was no evidence that Sundance
had actually received services. Included in that response was a special exception to Dialog's motion
for summary judgment, which claimed that it was fatally vague. 

 A hearing was held at the appointed time and date, during which Dialog's counsel clarified
it was only going to proceed to recover summary judgment on the sworn account pleading. He
mentioned the invoices and affidavits attached as summary judgment evidence and concluded his
argument. Afterward, Sundance stated, "[W]e have filed the special exception with respect to the
Motion for Summary Judgment as well as objections to both Mr. Hill's affidavit that was attached
to the original petition and Ms. [Meaux's affidavit] . . . . If Your Honor would like to go through the
objections, I do have proposed orders on that, or I can get straight to my argument." Because the trial
court asked Sundance to proceed on the summary judgment, it argued in response before discussing
the special exception and objections to the affidavits.

 Ruling in favor of Dialog, the trial court found that "the pleadings and affidavit[s] are
sufficient to grant a summary judgment on the sworn account." The following day, the trial court
issued an interlocutory order granting summary judgment on the sworn account, with attorney's fees
to be decided on a later date. After this interlocutory order was entered, Dialog requested rulings on
the special exception and objections to the summary judgment affidavits. 

 The day following the hearing on the motion for summary judgment, Dialog filed an
amended original petition, the primary difference between this amended petition and the original
petition being more specificity regarding Dialog's claim for recovery of attorney's fees and asking
the court to take judicial notice of the usual and customary fees in connection with suits on sworn
accounts. The parties filed a written stipulation that should Dialog recover $57,336.20 on its
principal claim, it would be entitled to recover $12,500.00 in attorney's fees. The trial court then
entered a judgment in favor of Dialog for $57,336.20 and attorney's fees in the sum of $12,500.00. 

 Sundance now appeals this award complaining that the trial court erred in the following
respects: (1) that it failed to require that Dialog identify the grounds upon which it sought summary
judgment; (2) that it erred in overruling Sundance's objections to the summary judgment affidavit
of Meaux; (3) that it erred in overruling Sundance's objections to the affidavit of Hill; (4) that the
absence of competent evidence of a written account or prior course of dealing between Sundance and
Dialog prevented the entry of a summary judgment on a sworn account; and (5) that there was no
evidence that the amount charged by Dialog was just and reasonable. 

II. Standard of Review 

 A trial court's summary judgment is reviewed de novo. Lamar Corp. v. City of Longview,
270 S.W.3d 609, 613 (Tex. App.--Texarkana 2008, no pet.); see Laidlaw Waste Sys. (Dallas), Inc.
v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995). Summary judgment is proper when a movant
establishes that there is no genuine issue of material fact and that the movant is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); French v. Gill, 252 S.W.3d 748, 751 (Tex.
App.--Texarkana 2008, pet. denied); Powers v. Adams, 2 S.W.3d 496, 497 (Tex. App.--Houston
[14th Dist.] 1999, no pet.) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985)). 
In deciding whether there is a disputed material fact issue which precludes summary judgment, proof
favorable to the nonmovant will be taken as true. Nixon, 690 S.W.2d at 548-49. We indulge every
reasonable inference in favor of the nonmovant. Limestone Prods. Distribution, Inc. v. McNamara,
71 S.W.3d 308, 311 (Tex. 2002). 

III. Analysis 

 A. Sufficient Evidence Supports the Trial Court's Decision to Grant Dialog's
Summary Judgment


 "Generally, pleadings are not competent evidence, even if sworn or verified." Livingston
Ford Mercury, Inc. v. Haley, 997 S.W.2d 425, 431 (Tex. App.--Beaumont 1999, no pet.) (citing
Laidlaw Waste Sys. (Dallas), Inc., 904 S.W.2d at 660). The exception to the general rule, of course,
is found in a suit on sworn account. Id. Rule 185 of the Texas Rules of Civil Procedure (the Rule
governing suits on sworn accounts) states:

 When any action or defense is founded upon an open account . . . including
any claim for a liquidated money demand based upon written contract or founded on
business dealings between the parties, or is for personal service rendered, or labor
done or labor or materials furnished, . . . and is supported by the affidavit of the party,
his agent or attorney taken before some officer authorized to administer oaths, to the
effect that such claim is, within the knowledge of affiant, just and true, that it is due,
and that all just and lawful offsets, payments and credits have been allowed, the same
shall be taken as prima facie evidence thereof, unless the party resisting such claim
shall file a written denial, under oath. . . . .  No particularization or description of the
nature of the component parts of the account or claim is necessary unless the trial
court sustains special exceptions to the pleadings. 

Tex. R. Civ. P. 185 (emphasis added). 

 Dialog attached itemized invoices to its original sworn petition and alleged that Sundance
promised to pay it a sum certain for goods and/or services provided. Although the record fails to
specify the type of services rendered, we note that attached invoices indicate Dialog provided
mechanical repair services, including labor, to Sundance. Sundance paid Dialog $7,000.00 on the
first invoice; Dialog continued to perform services for Sundance after that payment. A suit on a
sworn account must be founded on an "open account or other claim for goods, wares and
merchandise, including any claim for a liquidated money demand based upon written contract or
founded on business dealings between the parties, or is for personal service rendered, or labor done
or labor or materials furnished." Id. The claim in Dialog's petition was founded partially on an open
account established by dealings between the parties and entirely for labor performed or materials
furnished, thereby falling within the purview of a suit on sworn account. The original petition was
verified by Hill, who stated:

 [U]pon oath states that he is the attorney of record for Plaintiff, Dialog Wireline
Services, L.L.C., in the above-styled and numbered cause, and that the annexed
account in favor of Plaintiff against Defendant are within the personal knowledge of
Affiant, just and true, that it is due, and that all just and lawful offsets, payment and
credits have been allowed.

Under Rule 185, this verified petition constituted prima facie evidence of the sworn account, creating
an evidentiary presumption in favor of Dialog. See Powers, 2 S.W.3d at 498. 

 When a defendant files a sworn denial of the plaintiff's account supported by an affidavit
denying the account, the evidentiary presumption is destroyed and the plaintiff is forced to introduce
proof of its claim. Tex. R. Civ. P. 93(10); Powers, 2 S.W.3d at 498 (citing Roberts Express, Inc. v.
Expert Transp., Inc., 842 S.W.2d 766, 770 (Tex. App.--Dallas 1992, no writ)). However, "if the
defendant fails to file a written denial under oath and in the form required by Rules 185 and 93(10),
he may not dispute the receipt of the items or services or the correctness of the amount charged either
in whole or in part." Requipco, Inc. v. Am-Tex Tank & Equip., Inc., 738 S.W.2d 299, 302 (Tex.
App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (quoting Airborne Freight Corp. v. CRB Mktg.,
Inc., 566 S.W.2d 573, 574 (Tex. 1978)). Essentially, failure to file a sworn denial of a verified
account "amounts to an admission that the account is correct." Akins v. Coffee, 376 S.W.2d 953, 954
(Tex. Civ. App.--Dallas 1964, writ dism'd). 

 Sundance's answer was allegedly verified through an affidavit filed by David Pat Patman,
chief operating officer of Sundance. The affidavit merely stated that Patman "declared that he ha[d]
read the foregoing document, and the statements contain[ed] in the Verified Denial therein [we]re
true and correct." In order for an affidavit to be legally sufficient, "verification must be based on
personal knowledge." Cantu v. Holiday Inns, Inc., 910 S.W.2d 113, 116 (Tex. App.--Corpus Christi
1995, writ denied); see Kerlin v. Arias, 274 S.W.3d 666, 668 (Tex. 2008). An affidavit that does not
positively and unqualifiedly represent that the facts disclosed therein are true and within the affiant's
personal knowledge is legally insufficient. Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex.
1994) (citing Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)); Akins, 376 S.W.2d at 955. 
Since Patman's affidavit did not aver that he had personal knowledge of the facts alleged in
Sundance's answer, we conclude it was unverified. 

 Finding that Sundance's answer was insufficient to meet the requirements of either Rule 185
or Rule 93, it follows that the validity of the account sued upon remained unchallenged and no issue
of fact was presented for the trial court to resolve. (3) Vance v. Holloway, 689 S.W.2d 403 (Tex. 1985);
Akins, 376 S.W.2d at 955; see Livingston Ford Mercury, Inc., 997 S.W.2d at 430 ("If the party
against whom a proper sworn account petition is filed does not deny the account in accordance with
the requirements of Rule 185, the plaintiff's petition with supporting affidavit is considered prima
facie evidence to support a summary judgment, and additional proof of the accuracy of the account
is unnecessary."). Thus, the trial court's summary judgment was proper. 

 Our finding above is wholly dispositive of this appeal. Nevertheless, we will briefly address
Sundance's remaining points of error. 

 B. The Trial Court Properly Considered the Summary Judgment Affidavits 

 Sundance alleged that Meaux's affidavit was insufficient because it: (1) was conclusory in
nature; (2) failed to identify the facts of which Meaux had personal knowledge; (3) failed to
demonstrate that Meaux was competent to testify; and (4) failed to present a basis to support the
conclusion that the invoices were true and correct. Sundance admits that "the Trial Court failed to
rule or issue an order as to Sundance's objections to the Meaux affidavit." Sundance suggests the
summary judgment effectively overruled the objections to Meaux's affidavit. Because this is not
entirely the case, we examine whether Sundance preserved these objections for our review.

 The granting of a summary judgment motion "does not necessarily provide an implicit ruling
that either sustains or overrules objections to the summary-judgment evidence." Choctaw Props.,
L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 240-41 (Tex. App.--Waco 2003, no pet.) (citing Allen
ex rel. B.A. v. Albin, 97 S.W.3d 655, 663 (Tex. App.--Waco 2002, no pet.)). Rule 166a(f) of the
Texas Rules of Civil Procedure specifically states that "Defects in the form of affidavits or
attachments will not be grounds for reversal unless specifically pointed out by objection by an
opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f). Texas courts have
interpreted this rule to require parties to obtain a ruling from the court, preferably in writing, in order
to preserve objections to defects of form for our review. Stewart v. Sanmina Tex. L.P., 156 S.W.3d
198, 207 (Tex. App.--Dallas 2005, no pet.); Choctaw Props., L.L.C., 127 S.W.3d at 240-41;
Dolcefino v. Randolph, 19 S.W.3d 906, 926-27 (Tex. App.--Houston [14th Dist.] 2000, pet.
denied). 

 "Failure to affirmatively show that the affiant had personal knowledge is a defect in form and
must be preserved in the trial court." Stewart, 156 S.W.3d at 207 (quoting Grand Prairie Indep. Sch.
Dist. v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam)); Youngblood v. U.S. Silica Co.,
130 S.W.3d 461, 468 (Tex. App.--Texarkana 2004, pet. denied) (failure to show affiant competent
to testify is defect in form). Although Sundance mentioned its objections to the affidavit during the
hearing, they were argued after responding to Dialog's summary judgment motion. In addition,
Sundance failed to ask for a ruling from the trial court until after judgment was issued. If the record
affirmatively indicates that the trial court ruled on the objections to the summary judgment proof in
granting summary judgment, or if the grounds for summary judgment and the objections to the
summary judgment proof are of such a nature that the granting of summary judgment necessarily
implies a ruling on the objections, the burden of the objecting party to obtain a ruling on its
objections can be deemed to have been satisfied. Trusty v. Strayhorn, 87 S.W.3d 756, 760 (Tex.
App.--Texarkana 2002, no pet.). Since neither of these circumstances exist here, that does not
apply. Thus, arguments two and three recited above--that the affidavit failed to identify the facts
of which Meaux had personal knowledge and failed to demonstrate Meaux was competent to
testify--were waived by Sundance. See Choctaw Props., L.L.C., 127 S.W.3d at 241; Youngblood,
130 S.W.3d at 468-69. 

 However, defects in substance "are not waived, and can be raised for the first time on
appeal." Stewart, 156 S.W.3d at 207 (quoting Choctaw Props., L.L.C., 127 S.W.3d at 241). The
allegation that a summary judgment affidavit is conclusory involves a substantive defect. Id.;
Choctaw Props., L.L.C., 127 S.W.3d at 241 (citing Cain v. Rust Indus. Cleaning Servs., Inc., 969
S.W.2d 464, 467 (Tex. App.--Texarkana 1998, pet. denied)). Substantive defects must be
specifically pointed out such that it "enables the trial court to understand the precise grounds so as
to make an informed ruling and affords the offering party an opportunity to remedy the defect, if
possible." Womco, Inc. v. Navistar Int'l Corp., 84 S.W.3d 272, 281 n.6 (Tex. App.--Tyler 2002, no
pet.). Bare allegations that quote sentences from an affidavit and claim they are conclusory are in
themselves conclusory. Stewart, 156 S.W.3d at 207; Womco, Inc., 84 S.W.3d at 281 n.6; Garcia v.
John Hancock Variable Life Ins. Co., 859 S.W.2d 427, 434 (Tex. App.--San Antonio 1993, writ
denied). 

 Sundance merely quoted Meaux's affidavit that "The invoices attached as Exhibit 'A' to
Motion for Summary Judgment are true and correct," and recited the following objection: "The
testimony lacks foundation and is conclusory and is not competent summary judgment
evidence . . . To wit: no evidence or basis for conclusion that invoices are 'true and correct', and that
'financial manager' is competent to so testify." The first part of Sundance's objection is conclusory,
while the second portion relates to objections of form which were waived. Sundance also contends
that there was "no identification of or description as to which 'facts' [were] 'true and correct.'" 
Because the affidavit refers to all facts contained within the summary judgment motion and affidavit,
it was sufficient, and we overrule Sundance's substantive objections to the Meaux affidavit. See
Requipco, Inc., 738 S.W.2d at 301. (4)

 Sundance also objected to the portion of Hill's affidavit, stating "the annexed account in favor
of Plaintiff against Defendant are within the personal knowledge of Affiant, just and true, that it is
due, and that all just and lawful offsets, payment and credits have been allowed." Once again, the
objections were conclusory or related to matters of form which were waived. Sundance's substantive
objections to the Hill affidavit are overruled, especially since Hill's affidavit met Rule 185
requirements. 

 C. Sundance Waived Its Special Exceptions

 The Texas Supreme Court stated "a summary judgment motion that does not identify or
address causes of action or their essential elements--even though it states that it embraces all causes
of action--does not support summary judgment against those causes of action." Claxton v. (Upper)
Lake Fork Water Control & Improvement Dist. No. 1, 246 S.W.3d 381, 382 n.1 (Tex.
App.--Texarkana 2008, pet. denied) (citing Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20 (Tex.
1990)). Sundance was correct to attack the summary judgment motion on specificity grounds
through its special exception. Franco v. Slavonic Mut. Fire Ins. Ass'n, 154 S.W.3d 777, 784 (Tex.
App.--Houston [14th Dist.] 2004, no pet.). However, it was required to obtain a ruling on the
special exception in order to preserve the issue for appeal. Id. (citing Rosas v. Hatz, 147 S.W.3d
560, 562 (Tex. App.--Waco 2004, no pet.)). Instead, Sundance proceeded to argue the summary
judgment before discussing the special exception, and never sought a ruling from the trial court until
after judgment was issued. 

 Contrary to Sundance's position, granting summary judgment does not imply a ruling on a
special exception. See id. at 784-85; Rosas, 147 S.W.3d at 562; Dolcefino, 19 S.W.3d at 926-27. 
Nothing in the record suggests the trial court actually ruled on the issue that was raised. Because
Sundance failed to obtain a ruling from the trial court on its special exception, it was waived;
therefore, we must overrule this point of error. 

IV. Conclusion 

 We affirm the trial court's summary judgment on sworn account in favor of Dialog.



 Bailey C. Moseley

 Justice


Date Submitted: April 7, 2009

Date Decided: April 8, 2009
1. The term wireline usually refers to a cabling technology used by operators of oil and gas
wells to lower equipment or measurement devices into the well for the purposes of well intervention
and reservoir evaluation. http://www.answers.com/topic/wireline
.
2. An affidavit of attorney's fees executed by Jerry W. Hill was also attached. 
3. Also, Rule 166(c) of the Texas Rules of Civil Procedure required Sundance's response to
Dialog's summary judgment motion be filed "not later than seven days prior to the day of hearing." 
Tex. R. Civ. P. 166(c). Sundance's response was late by one day, and the trial court was not required
to consider it. See Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 686-87 (Tex.
2002); Brown v. Ultramar Diamond Shamrock Corp., No. 13-02-535-CV, 2004 WL 1797580, at *6
(Tex. App.--Corpus Christi Aug. 12, 2004, no pet.) (mem. op.).
4. We also note Sundance failed to produce any evidence contradicting Dialog's evidence or
facts contained within the summary judgment motion.